[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 16, 2006
THOMAS K. KAHN
CLERK

No. 05-13002
Non-Argument Calendar

_____

BIA Nos. A95-230-339 & A95-230-340

GERMAN BOHORQUEZ,
MARGARITA SANCHEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(March 16, 2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

German Bohorquez and Margarita Sanchez petition for review of the Board

of Immigrations Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order finding them removable and denying their application for asylum and withholding of removal under both the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.[1] Bohorquez and Sanchez argue that (1) the BIA erred in affirming the IJ's adverse credibility determination because Bohorquez had presented substantial evidence to support his asylum and withholding of removal claim; and (2) the BIA erred in denying their applications for asylum and withholding of removal because they had provided evidence that would compel a reasonable factfinder to conclude that Bohorquez had established past persecution or a well-founded fear of future persecution. Specifically, petitioners argue that Bohorquez suffered past persecution and has a well-founded fear of future persecution because of threatening phone calls, and an attempted abduction by members of FARC.

## DISCUSSION

An alien who arrives in or is present in the United States may apply for asylum. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or

---

[1] Petitioners make no argument regarding relief under the United Nations Convention and have thus abandoned this issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

(2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar v. Ashcroft, 257 F.3d 1262, 1287 (11th Cir. 2001). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Al Najjar, 257 F.3d at 1287 (internal quotation marks and citation omitted). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992).

We recognize that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation omitted). In Sepulveda, we held that menacing telephone calls and threats to the alien, her family members, and colleagues did not rise to the level of past persecution. Id.

An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat in his country to his life or freedom on a protected ground. 8 C.F.R. § 208.13(b)(2). To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. However, if the

3

IJ finds that the alien could avoid a future threat by relocating to another part of his country and it is reasonable to do so, he cannot demonstrate a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1)-(2).

To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). "[T]he weaker the applicant's testimony . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). When the IJ enumerates an applicant's inconsistencies and is supported by the record, we "may not substitute our judgment for that of the IJ with respect to its credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).

We review the IJ's decision as if it were the BIA's because the BIA

4

expressly adopted the IJ's findings. Al Najjar, 257 F.3d at 1284. To the extent that the IJ's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1284 (citation omitted).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence in this case. Bohorquez first testified that the FARC tried to abduct him on June 6, 2000 and that he was shot at while driving on the highway eight to ten months later. He later testified that the attempted kidnaping occurred on June 6, 2001 and that this was the only attack against him. Bohorquez also stated that FARC began threatening him in 1997, but later admitted that the threats did not begin until 2000. Additionally, he stated in his application that he received a letter declaring him a military target before his abduction attempt, but he did not discuss that letter in his testimony. However, he did testify that he received a letter two days after the attempt.

While nervousness could explain confusion as to the exact date, as Bohorquez and Sanchez argue, or even a minor error in communicating the year of the event, Bohorquez demonstrated more than mere nervousness as he confused

5

both the number of personal encounters with FARC and what occurred during the encounters. There is a material difference between being consistently threatened from 1997 and being threatened since 2000. These inconsistencies cut to the heart of his claim as they concern the frequency, severity, and nature of the threats Bohorquez received. Accordingly, the IJ's finding that Bohorquez was not credible was supported by substantial evidence, and Bohorquez presented no evidence that compels a reversal of this determination. However, as the IJ based his ultimate conclusion on Bohorquez's lack of evidence, the adverse credibility finding was not determinative.

We also find that substantial evidence supports the IJ's decision that Bohorquez did not suffer past persecution on account of a protected ground. The IJ found that Bohorquez's testimony was not credible, and, as explained above, this finding was supported by substantial evidence. Further, the documentary evidence that the petitioners provided is not compelling. Petitioners provided numerous letters from his family that were vague as to what specific events constituted Bohorquez's persecution. Petitioners also provided a copy of a letter purportedly from FARC declaring him a military target but, even assuming the letter is genuine, it does not clearly state that the FARC sought to punish Bohorquez for his political opinion. As the petitioners provided no compelling testimony or documentation of Bohorquez's persecution, petitioners' past persecution claim fails.

With regard to a well-founded fear of future persecution, petitioners have pointed to no credible evidence that compels a finding that he would be persecuted by the FARC if they were returned to Colombia. Further, Bohorquez's uncle remains in Colombia without sustaining any harm from FARC members. Such evidence shows that Bohorquez's fear is not objectively reasonable and thus undermines any fear of future persecution.

Finally, petitioners' withholding of removal claims fail, as they did not establish eligibility for asylum, which carries a lower burden of proof. Al Najjar, 257 F.3d at 1292-93 (noting that because the evidentiary burden for withholding of removal is greater than that imposed for asylum, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal).

**PETITION DENIED.**